UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID J. WEATHERFORD,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. CV-13-0349-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

　　BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 15, 17.) Attorney Dana C. Madsen represents plaintiff; Special Assistant United States Attorney Lars J. Nelson represents defendant. After reviewing the administrative record and briefs filed by the parties, the court GRANTS defendant's Motion for Summary Judgment and DENIES plaintiff's Motion for Summary Judgment.

**JURISDICTION**

　　Plaintiff David J. Weatherford (plaintiff) protectively filed for supplemental security income (SSI) and disability income benefits (DIB) on December 20, 2010. (Tr. 162, 185.) Plaintiff alleged an onset date of November 1, 2008. (Tr. 162.) Benefits were denied initially and on reconsideration. (Tr. 114, 118, 120.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ R.J. Payne on May 23, 2012. (Tr. 36-73.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 44-73.) Medical expert Alexander White, M.D., also testified. (Tr. 37-44.) The ALJ denied benefits (Tr. 21-30) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

　　The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

　　Plaintiff was 51 years old at the time of the second hearing. (Tr. 45.) He has a high school diploma. (Tr. 45.) He has work experience as a janitor and a day laborer. (Tr. 45-47.) His neck is

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

stiff and sometimes it hurts. (Tr. 50.) His shoulders bother him because of his neck problem. (Tr. 49.) He has headaches daily. (Tr. 51.) He has low back pain. (Tr. 52.) Physical therapy helped his low back pain. (Tr. 55.) He has diabetes. (Tr. 55.) He has stiffness and tingling in his feet and legs if he sits or stands too long. (Tr. 56-57.) He experiences tingling, burning, popping, creaking and sometimes pain in his left knee. (Tr. 58.) He has a hernia. (Tr. 59.) He uses a CPAP machine for sleep apnea. (Tr. 60.) Plaintiff testified he has nagging pain pretty much all the time. (Tr. 66.) The worst pain is in his shoulders due to problems with his neck. (Tr. 66.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*,

839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984). If the Commissioner does not meet that burden, the claimant is found to be disabled. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since November 1, 2008, the alleged onset date. (Tr. 23.) At step two, the ALJ found plaintiff has the following severe impairments: degenerative disc disease of the cervical region of the spine; low back pain; diabetes mellitus; obstructive sleep apnea; hypertension; hyperlipidemia; and obesity. (Tr. 23.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 24.) The ALJ then determined:

> [C]laimant has the physical residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). He would be able to perform work that does not involve lifting and/or carrying more than a maximum of 20 pounds frequently or 10 pounds occasionally; standing and or walking for more than a total of six hours in an 8-hour workday; sitting for more than a total six hours in an 8-hour workday; pushing and/or pulling in excess of lifting limitations; any climbing of ladders ropes or scaffolds; more than frequent climbing of ladders or stairs; more than frequent stooping or kneeling; or more


than occasional crouching or crawling. He must avoid concentrated exposure to extreme cold or heat or hazards such as machinery and lights.

(Tr. 24-25). At step four, the ALJ found plaintiff is unable to perform any past relevant work. (Tr. 29.) After considering plaintiff's age, education, work experience, and residual functional capacity, the ALJ determine there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (Tr. 29.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from November 1, 2008, through the date of the decision. (Tr. 30.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ erred by: (1) improperly discredited plaintiff's symptoms claims; and (2) improperly evaluated the medical evidence. (ECF No. 15 at 8-14.) Defendant argues the ALJ: (1) reasonably assigned little weight to a treating physician opinion; and (2) provided legally sufficient reasons for discounting plaintiff's subjective complaints. (ECF No. 17 at 4-20.)

## DISCUSSION

**1.    Credibility**

Plaintiff argues the ALJ improperly discounted plaintiff's symptom claim. (ECF No. 15 at 8-11.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2)

inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

The ALJ found plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms are not entirely credible. (Tr. 25.) The ALJ cited several reasons as the basis for the credibility determination. (Tr. 25-27.)

One reason asserted by the ALJ in support of the credibility determination is plaintiff's self report of activity suggest he is more actively capable than alleged. (Tr. 28.) Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in making the credibility determination. *See Rollins*, 261 F.3d at 857. The ALJ pointed out plaintiff reported fishing by casting from a bank and yard work involving moving logs or stooping to lift debris in the yard. (Tr. 28-29, 44, 70, 237.) Further, the ALJ observed plaintiff reported driving for two-and-a-half hours with one break despite testifying that he can only sit for one half hour at a time. (Tr. 28, 44, 57.) In making a credibility evaluation, the ALJ may rely on ordinary techniques of credibility evaluation. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). These activities were reasonably determined by the ALJ to be inconsistent with plaintiff's complaints and this is therefore a clear and convincing reason supported by substantial evidence justifying the negative credibility finding.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

Another reason mentioned by the ALJ in finding plaintiff not credible is that no physician other than Dr. Schaaf stated plaintiff cannot work at the light level of exertion. (Tr. 28.) It is reasonable for the ALJ to consider the fact that no treating or examining physician has found the claimant disabled. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993); *see also Green v. Heckler*, 803 F.2d 528, 531 (9th Cir. 1986). The medical expert, Dr. White, concluded plaintiff could perform light work with some restrictions. (Tr. 42-43.) Reviewing physicians Drs. Legarda and Palasi concluded plaintiff could perform light work with some postural limitations. (Tr. 76-93, 96-113.) Even Dr. Schaaf did not opine plaintiff was precluded from all work activity. (Tr. 223-24, 319-20.) Thus, the ALJ reasonably considered the medical opinion evidence in assessing plaintiff's credibility.

A third factor considered by the ALJ in making the credibility determination is plaintiff's conservative treatment. The type, dosage, effectiveness and side effects of medication taken to alleviate pain or other symptoms as well as the medical treatment received to relieve pain or other symptoms are relevant factors in evaluating the intensity and persistence of symptoms. 20 C.F.R. §§ 416.929(c)(3)(iv) and 416.929.(c)(3)(v). The ALJ pointed out that Dr. Bronson, a neurosurgeon, indicated it would be reasonable to perform surgery on plaintiff's cervical spine, but he could manage it conservatively for as long as he would like, and plaintiff continued to do so. (Tr. 26, 296.) The ALJ also noted that despite alleging an onset date in November 2008, the medical record is silent from August 2006 to November 2010. (Tr. 26, 223, 315.) In October 2010, plaintiff's diabetes was in "fairly good control" according to Dr. Schaaf. (Tr.26, 224.) In January 2011, plaintiff was "getting pretty good control [of diabetes] with diet and herbal supplements" and no medication was prescribed.[1] (Tr. 26, 247.) Dr. Schaaf agreed with plaintiff's desire to forego medication for benign essential hypertension and focus on diet and exercise. (Tr. 26, 247.) Dr. Schaaf also noted that plaintiff did not ask for medication for neck pain because he used over-the-counter medication. (Tr. 26, 247.) With regard to low back pain, Dr. Schaaf prescribed physical therapy and after six weeks of treatment, treatment goals were met and it was reported that plaintiff "made significant progress." (Tr. 26, 55, 237.) The ALJ properly considered plaintiff's conservative treatment and reasonably interpreted the evidence.

---

[1] Plaintiff's diabetes was later described as under "not under good control," but Dr. Schaaf indicated she believed his diet contributed to the problem. (Tr. 324.)

Plaintiff cites S.S.R. 96-7p and argues the ALJ should have sought an explanation from plaintiff regarding conservative treatment. The ruling states, "the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide . . . that may explain infrequent or irregular medical visits or failure to seek medical treatment." S.S.R. 96-7p at *7.[2] Plaintiff argues "the ALJ never asked Mr. Weatherford why he does not take prescription pain medication." (ECF No. 15 at 9.) Plaintiff assigns a burden to the ALJ not supported by S.S.R. 96-7p. As noted *supra*, the record plaintiff's conditions were managed by over-the-counter medication or diet, exercise, herbal supplements and physical therapy. (Tr. 247.) Although surgery for plaintiff's neck pain was an option, Dr. Bronson said plaintiff could manage the condition conservatively for as long as he liked.[3] (Tr. 296.) Plaintiff's treating physician did not refer plaintiff to any specialists or suggest any additional treatment. These facts are reasonably interpreted as indicating plaintiff's conditions do not require more aggressive treatment. Thus, there was no need for the ALJ to inquire why more aggressive treatment was not pursued by plaintiff.

Notwithstanding, even if the ALJ were required to identify plaintiff's reason for not seeking more aggressive treatment, plaintiff observes the reason is in the record. (ECF No. 15 at 9.) Plaintiff cites the hearing transcript and asserts, "The record shows that Mr. Weatherford tried to avoid medication altogether, having attempted to control his diabetes with diet and exercise for as long as he could before he took medication."[4] (ECF No. 15 at 9.) Plaintiff points out he expressed to doctors "an aversion to narcotic pain medication." (Tr. 245, 296, ECF No. 15 at 9.)

---

[2] Social Security Rulings are issued to clarify the Commissioner's regulations and policy. They are not published in the federal register and do not have the force of law. However, under the case law, deference is to be given to the Commissioner's interpretation of the regulations. *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991).

[3] Plaintiff testified Dr. Bronson said surgery "was not, you know, completely necessary." (Tr. 64.)

[4] Plaintiff testified, "Years ago, I could keep my blood sugar in check on my own, which is simple exercise and watching my diet, you know, reasonably in check." (Tr. 56.)

A claimant's failure to assert a good reason for not seeking treatment can cast doubt on the sincerity of the claimant's pain testimony. *Fair*, 885 F.2d at 603. Personal preference is not a sufficient reason to avoid treatment for an allegedly disabling condition. *See Molina v. Astrue*, 674 F.3d 1104, 114 (9th Cir. 2012). Plaintiff essentially admits he received conservative treatment and that it was his preference to do so, despite allegedly disabling symptoms. It is well-established that evidence of conservative treatment is sufficient to discount a plaintiff's testimony regarding the severity of an impairment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-1040 (9th Cir. 2008); *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 2003); *Meanel v. Apfel,* 172 F.3d 1111, 1114 (9th Cir.1999). Thus, plaintiff's argument that the ALJ should have made further inquiry into plaintiff's reason for accepting conservative treatment fails.[5]

Lastly, the ALJ found the objective medical evidence does not support the level of impairment claimed. (Tr. 609.) Medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2); *see also* S.S.R. 96-7p. However, an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ supplied other clear and convincing reasons supported by substantial evidence to justify the credibility finding, and therefore a lack of objective evidence is properly considered. As noted, *supra*, the ALJ pointed out the record is silent for nearly four years from August 2006 to November 2010, including the period surrounding the alleged onset date in November 2008. (Tr.

---

[5] Plaintiff also argues "the record references Mr. Weatherford's concern for financial resources." (ECF No. 15 at 10.) Plaintiff cites hearing testimony indicating he could not afford to have surgery on a hernia (Tr. 49) which is not severe impairment or mentioned elsewhere in the record. Plaintiff also cites plaintiff's general testimony about receiving public assistance. (Tr. 63.) However, nowhere in the record is it suggested or implied that plaintiff did not pursue more aggressive treatment due to a lack of funds.

26.) The ALJ pointed out there is an x-ray from November 2010 showing lower cervical spondylosis, but physical therapy for low back pain was successful and cervical pain was managed with over-the-counter medication. (Tr. 26, 225, 237, 247.) In April 2011, Dr. Schaaf noted neck crepitance, decreased range of motion of the neck, and pain in the neck when reaching arms above horizontal. (Tr. 27, 254.) She opined he was limited to sedentary work and rated his low back and neck pain as "moderate." (Tr. 317.) However, Dr. Schaaf cited no laboratory or diagnostic studies to support this opinion or any other "signs or proof of limits." (Tr. 27, 316.) There is objective evidence of sleep apnea, but the record reflects treatment with a CPAP resulted in increased energy and less daytime sleepiness. (Tr. 28, 272, 276.) The ALJ reasonably determined there is virtually no credible objective evidence supporting the degree of limitations alleged. As a result, this is a clear and convincing reason supported by substantial evidence.

The ALJ cited clear and convincing reasons supported by substantial evidence which justify the credibility finding. The ALJ's interpretation of the evidence is reasonable and as a result, the ALJ did not err.

**2.    Dr. Schaaf**

Plaintiff argues the ALJ improperly discounted the opinions of his treating physician, Dr. Schaaf, in favor of the opinion of the medical expert, Dr. White, whose opinion the ALJ afforded "significant weight." (ECF No. 15 at 11-14, Tr. 28.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v.*

*Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

Dr. Schaaf's opinion regarding plaintiff's limitations was contradicted by the Drs. Legarda and Palasi, the state reviewing physicians, and the opinion of Dr. White, the medical expert. (Tr. 39-43, 76-93, 96-113.) Therefore, the ALJ was required to cite specific, legitimate reasons supported by substantial evidence to adequately reject Dr. Schaaf's opinion.

One reason cited by the ALJ for rejecting Dr. Schaaf's opinion is that she relied heavily upon plaintiff's subjective allegations. (Tr. 27.) A physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Morgan v. Comm'r*, 169 F.3d 595 (9th Cir. 1999); *Fair*, 885 F.2d at 604. The ALJ pointed out the lack of supporting diagnostic studies, referrals for further evaluation by specialists, and conservative pain management modalities suggests Dr. Schaaf relied heavily upon plaintiff's subjective allegations. (Tr. 27.) As discussed *supra*, the ALJ's credibility determination was adequately supported by clear and convincing reasons and substantial evidence; therefore, the ALJ reasonably rejected Dr. Schaaf's findings to the extent they were based on plaintiff's own statements.

The ALJ also cited a lack of supporting objective evidence as a basis for rejecting Dr. Schaaf's April 2011 evaluation. (Tr. 27.) An ALJ may discredit treating physicians' opinions that are unsupported by the record as a whole or by objective medical findings. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001), *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992). The ALJ noted Dr. Schaaf cited a cursory physical exam and little objective evidence support the level of symptom severity in the functional assessment. (Tr. 27, 319-20.) For example, Dr. Schaaf's functional assessment included environmental restrictions due to excessive daytime sleepiness and memory impairment, but there were no concurrent complaints from plaintiff at that time, nor were those issues addressed in Dr. Schaaf's exam report.[6] (Tr.

---

[6] Dr. Schaaf did not record complaints of difficulty sleeping until June 2011. (Tr. 324.) As noted *supra*, after a sleep study and diagnosis of sleep apnea by Dr. Lind, plaintiff's sleep issues improved with consistent use of a CPAP. (Tr. 269, 273, 276.)

254-55, 319-20.) A physician's opinion may be rejected if it is unsupported by the physician's treatment notes. *See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003). As discussed, *supra*, the ALJ reasonably determined the record does not support the level of limitation assessed by Dr. Schaaf.

Plaintiff argues Dr. Schaaf's opinion should have been given greater weight than Dr. White's opinion and the state reviewing physicians' opinions. (ECF No. 15 at 13.) The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other evidence in the record and are consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Other cases have upheld the rejection of an examining or treating physician based in part on the testimony of a non-examining medical advisor when other reasons to reject the opinions of examining and treating physicians exist independent of the non-examining doctor's opinion. *Lester*, 81 F.3d at 831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039. Here, the ALJ did not rely solely on nonexamining physician opinions alone to reject Dr. Schaaf's conclusions. The ALJ other cited specific, legitimate reasons supported by substantial evidence independent of the reviewing physician opinions to justify giving less weight to Dr. Schaaf's opinion. Therefore, the ALJ did not err by assigning more weight to Dr. White's conclusions and the state reviewing physician opinions.

Plaintiff also argues the reviewing physicians erred in considering the medical evidence and therefore the ALJ's conclusions based on the reviewing physician opinions are erroneous. (ECF No. 15 at 15.) Dr. Legarda assigned no weight to Dr. Schaaf's November 2010 opinion because it was formed before plaintiff attended physical therapy and physical therapy records show plaintiff significantly improved after six sessions. (Tr. 80.) Dr. Palasi and Dr. White made similar comments about the November 2010 assessment. (Tr. 39, 100.) Plaintiff points out he

attended physical therapy for lower back issues, not for his neck and upper back problem.[7] (Tr. 237-44, ECF No. 15 at 12.) According to plaintiff, the opinions of Dr. White and the state reviewing physicians cannot constitute substantial evidence because they are based on the incorrect understanding that physical therapy improved his neck condition. (ECF No. 15 at 13.)

However, Dr. White reviewed the entire record, including Dr. Schaaf's April 2011 opinion completed after physical therapy. Dr. White discussed other evidence related to plaintiff's neck problem, including the imaging studies which show degenerative arthritis of the spine, and opined plaintiff is not a surgical candidate.[8] (Tr. 39, 41.) Regardless, the ALJ did not assert physical therapy improved plaintiff's cervical problem as a reason for rejecting Dr. Schaaf's opinion. Additionally, the ALJ cited other specific, legitimate reasons supported by substantial evidence to justify rejecting Dr. Schaaf's conclusions. Furthermore, it is not necessary for an ALJ to agree with everything an expert witness says in order to conclude the testimony constitutes substantial evidence. *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988). The ALJ also reviewed all of the evidence in the record and supported the findings and conclusions with substantial evidence.[9] (Tr. 24-29.) As a result, the ALJ did not err.

---

[7] Although not considered by the ALJ, it is noted by the court that it seems unlikely a person with disabling neck pain and difficulty lifting would attend physical therapy only for lower back pain. There is no mention of plaintiff's cervical, upper back, or shoulder issues in the physical therapy notes. (Tr. 237-44.)

[8] Plaintiff points out Dr. Bronson, a neurosurgeon, opined plaintiff is a surgical candidate. (Tr. 296, ECF No. 15 at 12-13.) As a specialist, Dr. Bronson's opinion may be entitled to more weight than that of a physician who is not a specialist. *See* 20 C.F.R. §404.1527(d)(5). However, whether plaintiff is or is not a surgical candidate is not at issue. Dr. Bronson's opinion was formed in 2005, well before the alleged onset date. (Tr. 296.) Further, plaintiff engaged in substantial gainful activity after that time. (Tr. 168.) Most importantly, Dr. Bronson opined plaintiff could continue indefinitely with conservative treatment and surgery was not required. (Tr. 297.)

[9] Plaintiff points out the ALJ wrote that Dr. White reported "that diagnostic studies of the cervical spine showed degenerative arthritis, but not to the level [of] severity as to warrant aggressive pain management or other therapies." (Tr. 28, ECF no. 15 at 12.) Dr. White actually

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 17)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(ECF No. 15)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED November 5, 2014

*s/ Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge

---

stated, "The imaging studies show that the patient has low cervical spondylosis. In other words, degenerative arthritis of the spine with problems that are, the patient is not a surgical candidate." (Tr. 41.) While the ALJ perhaps interpolated from Dr. White's opinion that plaintiff is not a surgical candidate, other evidence in the in the record support the conclusion that aggressive pain management is not warranted. Indeed, as discussed *supra*, the evidence reasonably demonstrates aggressive pain management was not required or requested by plaintiff. As a result, if the ALJ erred, any error is harmless. As long as there is substantial evidence supporting the ALJ's decision and the error does not affect the ultimate nondisability determination, the error is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1195-97 (9th Cir. 2004).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14